| | |
|---|---|
| LLYOD CLIFTON DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>HILL, *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-00407-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT; OR<br><br>    (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

      Plaintiff Lloyd Davis is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendants—employees of Folsom State Prison ("FSP"), where he is incarcerated—twice tampered with his legal mail. ECF No. 1. His allegations fail to state cognizable First Amendment claims. I will give him an opportunity to amend his complaint before recommending that it be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges interference with plaintiff's mail on two separate occasions. First, plaintiff alleges that in March 2019 he properly submitted legal documents to be mailed to Sacramento Superior Court. ECF No. 1 at 3. Although prison records show that the documents were mailed, the court never received them, and the cost of the postage was not deducted from

2

1  plaintiff's prison trust account. *Id.* He claims that this occurred under the supervision of
2  defendant Brown, the FSP Mail Room supervisor. *Id.*

3  Second, plaintiff alleges that on September 29, 2019, defendants Herrera and Hang
4  improperly signed for his legal mail, fabricated an address for the sender, and assigned his mail to
5  another inmate. *Id.* at 4. As a result, he never received the mail. *Id.* Plaintiff appears to claim
6  that this alleged tampering was done in retaliation for filing a civil complaint against CDCR
7  Health Care Services.[1] *Id*. at 3-4.

8  Plaintiff has failed to state a claim against Brown for the March 2019 event because he
9  has not alleged facts adequate to establish supervisory liability. To state a claim for relief under
10 § 1983 based on a theory of supervisory liability, a plaintiff must allege facts that would support a
11 claim that the supervisory defendant was either personally involved in the alleged deprivation of
12 constitutional rights, *see Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the
13 violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);
14 or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of
15 constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at
16 646 (citations and internal quotation marks omitted). At most, plaintiff asserts that his mail was
17 not sent out under Brown's supervision. He has not alleged, as is required, that she was
18 personally involved in his mail not being sent out or knew that his mail was not being sent out
19 and did nothing to remedy it.

20 Plaintiff has similarly failed to state First Amendment retaliation claims against either
21 Herrerra or Hang. A claim for retaliation under the First Amendment has five elements: "(1) [a]n
22 assertion that a state actor took some adverse action against a prisoner (2) because of (3) that
23 prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First
24 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

---

[1] Plaintiff also claims that he was denied access to the courts, but he does not make any accompanying factual allegations. ECF No. 1 at 3. Without factual allegations, his access to courts claim is not cognizable. If he chooses to amend the complaint and to include this claim, he must allege actual injury. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a denial of access to the courts claim).

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Here, plaintiff has not alleged any facts indicating either that Herrera and Hang were motivated to act by his litigation or that they even knew that he had pending litigation.  *See Hill v. Marciano*, No. 2:20-CV-01717-JAD-DJA, 2021 WL 8016909, at *3 (D. Nev. July 30, 2021) (dismissing the plaintiff's retaliation claim because he did not allege facts that the defendant engaged in particular conduct because of the plaintiff's lawsuits, that the defendant knew of the lawsuits, and took an adverse action because of the suits).

Plaintiff also names Rick Hill, warden of FSP, as a defendant.  Hill is not a proper defendant because plaintiff has alleged no facts against him and has failed to establish supervisory liability.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 27, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4