UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD CLIFTON DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICK HILL, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00407-TLN-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 10<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff, a state prisoner, alleges that defendants violated his First Amendment rights by interfering with his legal mail and frustrating his access to the courts. Plaintiff's complaint does not state a cognizable claim against any defendant.

**Screening Order**

**I.　　Screening and Pleading Requirements**

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges various instances of interference with his legal mail. ECF No. 10 at 4-6. The complaint fails, however, to sufficiently link the interference with any of the four named defendants; I cannot tell how each of the defendants is alleged to have violated plaintiff's rights. To satisfy federal pleading standards, a complaint must put each defendant on notice as to plaintiff's claims against them. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Plaintiff may file an amended complaint that addresses these shortcomings. If he decides to do so, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves

any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

     Accordingly, it is ORDERED that:

    1.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or state his intent to stand by the current complaint, subjecting to a recommendation of dismissal for failure to state a claim.

    2.  Failure to comply with this order may result in the dismissal of this action.

    3.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   August 1, 2022                    _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE