UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD CLIFTON DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>RICK HILL, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-00407-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS AND PARTIES, OR<br><br>(2) FILE A THIRD AMENDED COMPLAINT<br><br>ECF No. 12<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, brings various claims related to interference with his mail. These claims, described below, cannot proceed jointly, and I will give plaintiff a final opportunity to amend his complaint so that includes only related claims. If he declines to file an amended complaint, I will permit his first viable claim to proceed past screening and will recommend that other unrelated parties and claims be dismissed.

1

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As described above, plaintiff brings various separate and unrelated claims related to interference with his prison mail.  These claims bear insufficient factual and legal relation to each other and cannot proceed together.

First, plaintiff alleges that, in February 2019, an unnamed correctional officer interfered with mail that contained confidential medical information.  ECF No. 12 at 5-6.  Second, plaintiff alleges that he told defendant Johnson about interference with legal mail that he had sent to an attorney's office in December 2019.  *Id.* at 9.  I cannot tell if the complaint is implicating Johnson in that interference or if he was merely informed about it after the fact.  Third, plaintiff alleges that on an unspecified date defendants Herrera and Hang opened an item of his legal mail outside his presence.  *Id.* at 16.  There are other allegations of mail problems, but I cannot tell whether those problems are offered as separate claims or which defendants are alleged to have contributed to those problems.

These claims, though all concern legal mail, appear to concern separate instances of mail interference, and there is no indication in the complaint that the named defendants acted together across the alleged violations.  Additionally, it is difficult to tell whether some defendants are alleged to have violated plaintiff's constitutional rights at all.  As noted above, plaintiff alleges that Johnson was informed of the interference, but plaintiff does not state whether he was involved in it.  I note that plaintiff does offer the sweeping allegation that "defendants have been impeding [his] access to the courts and impeding [him] from obtaining representation of counsel."  *Id.* at 15.  But this is insufficient to put each defendant on notice as to how his or her own actions are alleged to have violated plaintiff's rights.

Multiple, unrelated claims against more than one defendant belong in separate lawsuits. See Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  As these claims cannot proceed jointly, plaintiff should file an amended complaint that contains only related claims.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.

3

1  3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be
2  complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once
3  an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in
4  an amended complaint, as in an original complaint, plaintiff will need to assert each claim and
5  allege each defendant's involvement in sufficient detail.  The amended complaint should be titled
6  "Third Amended Complaint" and refer to the appropriate case number.  This will be the final
7  opportunity to amend that I give plaintiff.

     Accordingly, it is ORDERED that:

    1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court of his intent to stand by his current complaint, subject to a recommendation that claims or parties be dismissed.

    2. Failure to comply with this order may result in the dismissal of this action.

    3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    December 13, 2022    

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4